UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDER SERVICES INC.<br>314 Pearman Dairy Road<br>Anderson, SC 29625<br><br>Plaintiff<br><br>-against-<br><br>THE HONORABLE ALEJANDRO MAYORKAS, Secretary of Homeland Security,<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, DC 20528-0485;<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br>c/o Office of Chief Counsel<br>20 Massachusetts Ave., NW<br>Room 2140<br>Washington, DC 20529-2260 | Case No.<br><br>COMPLAINT |

DESCRIPTION OF ACTION

1. This is an action brought by plaintiff, DEFENDER SERVICES, INC. (Defender), seeking to compel a decision on Defender's motions to reopen and reconsider the revocation of its immigrant visa petitions upon behalf of Shing Chi Chu and Man Oi Yan.

JURISDICTION

2. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Mandamus Act, 28 U.S.C. § 1361, a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## VENUE

3. Inasmuch as both defendants reside in the District of Columbia, this Court has venue over this matter.

## DESCRIPTION OF PARTIES

4. Defender is a for profit corporation residing in the State of South Carolina.

5. The Honorable Alejandro Mayorkas is the Secretary of Homeland Security and a resident of the District of Columbia. He has primary authority under the Immigration and Nationality Act for the adjudication of petitions for immigrant workers and all the procedural steps pertaining to them, including the revocation of approved petitions and motions to reopen and/or reconsider those revocations.

6. The United States Citizenship and Immigration Services (USCIS) is an agency of the United States government within the Department of Homeland Security, residing in the District of Columbia and Maryland. It has been delegated authority by the Secretary of Homeland Security for the adjudication of petitions for immigrant workers and all the procedural steps pertaining to them, including the revocation of approved petitions and motions to reopen and/or reconsider those revocations.

## BRIEF STATEMENT OF RELEVANT FACTS

6. The USCIS approved Defender's Petitions for Immigrant Worker (Form I-140) to

classify Shing Chi Chu and Man Oi Yan as immigrants under 8 U.S.C. § 1153(b)(3) in File Nos. SRC1707750130 and SRC179007124, respectively.

7. Thereafter, on February 22, 2019, it revoked these petitions.

8. Defender filed a timely motion to reopen and reconsider both of these revocations.

9. The first footnote to each motion specified that "The validity of this decision has not been nor is the subject of any judicial proceeding".

10. Nevertheless, on May 30, 2019, the USCIS issued two decisions denying both of these motions for the transparently frivolous reason that:

    > Section 103.5(a)1(iii)(C) requires that motions be "[a]ccompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding." In this matter, the motion does not contain the statement required by 8 C.F.R. Section 103.5(a)(1)(ii)(C). The regulation at 8 C.F.R. § 103.5(a)(4) states that a motion which does not meet applicable requirements must be dismissed. Therefore, because the instant motion did not meet the applicable filing requirements listed in 8 C.F.R. § 103.5(a)(1(ii)(C), it must be dismissed for this reason.

11. On March 4, 2020 Defender commenced Case No. 1:20-cv-00636-RC in this Court seeking judicial review of the USCIS' said frivolous decisions of May 30, 2019.

12. On August 6, 2020, following the USCIS being ordered to respond to Defender's motion for summary judgment in said action, the USCIS *sua sponte* vacated its preceding decision of May 30, 2019.

13. Consequently, Defender voluntarily dismissed its said lawsuit.

14. However, today, over 9 months after the USCIS vacated its denial of Defender's motions to reopen or reconsider the revocations of its petition for immigrant worker, and over two (2) years after Defender filed them, the USCIS still has not rendered a decision on either of its motion to reopen or reconsider, nor is there any reason to believe it intends to do so in the foreseeable future, or ever.

## CAUSE OF ACTION

## ACTION TO COMPEL AN OFFICER OR AGENCY
## OF THE UNITED STATES TO PERFORM THEIR DUTY

15. The defendants are each an officer or agency of the United States.

16. The defendants each owe a duty to Defender to adjudicate its forementioned motions within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

17. Further, 18 U.S.C. § 1571(b) provides that: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, … ."

18.  The over two (2) year period in which Defender's motions have been pending with the defendants is beyond the time which the defendant's  reasonably require to adjudicate it.

19. This Court has authority under 28 U.S.C. § 1361 to compel an officer or agency  of the United States to perform a duty owed to the Plaintiffs.

20. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

WHEREFORE it is respectfully requested that the Court compel the Defendants to adjudicate Defender's mentioned motions to reopen and/or reconsider as soon as reasonably possible and, in any event, no later than 30 days from this Court's Order.

Respectfully submitted, May   , 2021.

/s/ *Michael E. Piston*
Michael E. Piston MI 002
38-08 Union St., Suite 9A
New York, NY 11354
646-845-9895
Fx: 206-770-6350