UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DEFENDER SERVICES, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 21-1314 (RC) |
| | : | | |
| v. | : | Re Document No.: | 7 |
| | : | | |
| ALEJANDRO MAYORKAS, Secretary, | : | | |
| Department of Homeland Security, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO TRANSFER AND ALTERNATIVELY TO DISMISS

### I. INTRODUCTION

Plaintiff Defender Services, Inc., brought this action against Defendants Alejandro Mayorkas, Secretary of Homeland Security, and the United States Citizenship and Immigration Services ("USCIS") under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361.  Compl. ¶¶ 2, 5–6, ECF No. 1.  Through this action, Plaintiff seeks to compel Defendants to adjudicate Plaintiff's motions to reopen and reconsider USCIS's revocation of immigrant visa petitions filed by Plaintiff on behalf of two prospective employees.  *Id.* ¶¶ 1, 14.

Defendants have moved to transfer this action to the District of South Carolina and alternatively to dismiss this case for improper venue, to which Plaintiff has filed an opposition, and Defendants a reply thereto.  For the reasons explained below, the Court will grant Defendants' motion to transfer this case to the District of South Carolina and deny their motion to dismiss.

## II. BACKGROUND

Plaintiff is a for-profit corporation residing in South Carolina. Compl. ¶ 4. In 2016, Plaintiff filed two Form I-140 Immigrant Petitions for Alien Worker ("Petitions") with the USCIS on behalf of Shing Chi Chu and Man Oi Yan, two prospective employees of Plaintiff's. *Id.* ¶ 6. The USCIS initially approved Plaintiff's Petitions, but subsequently revoked its approval of the Petitions on February 22, 2019. *Id.* ¶¶ 6–7. Plaintiff then timely filed motions to reopen and reconsider both of the USCIS's revocations, which were denied by the USCIS on May 30, 2019. *Id.* ¶¶ 8, 10. Following the USCIS's denial of its motions to reopen and reconsider, Plaintiff filed Civil Action No. "1:20-cv-00636-RC in this Court seeking judicial review" of the USCIS's action. *Id.* ¶ 11. Plaintiff later voluntarily dismissed that suit when "the USCIS *sua sponte* vacated its preceding decision of May 30, 2019," following this Court's order instructing the USCIS to respond to Plaintiff's motion for summary judgment in that action. *Id.* ¶¶ 12–13.

On May 12, 2021, Plaintiff filed this action arguing that over nine months had elapsed since the USCIS vacated its denial of Plaintiff's motions to reopen and reconsider, which Plaintiff had filed over two years ago, and that the USCIS had failed to render a decision on Plaintiff's motions. *Id.* ¶ 14. As such, Plaintiff through this action seeks "to compel a decision on [its] motions to reopen and reconsider the revocation of its immigrant visa petitions upon behalf of" its two prospective employees. *Id.* ¶ 1. In its complaint, Plaintiff named as Defendants Alejandro Mayorkas, Secretary of Homeland Security, and the USCIS, "each an officer or agency of the United States," and alleged that, "[i]nasmuch as both defendants reside in the District of Columbia, this Court has venue over this matter." *Id.* ¶¶ 3, 5–6, 15. Plaintiff sued Defendants under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361, arguing that Defendants have primary authority under the

2

Immigration and Nationality Act, in the case of the Secretary of Homeland Security, and delegated authority, in the case of the USCIS, "for the adjudication of petitions for immigrant workers and all the procedural steps pertaining to them, including the revocation of approved petitions and motions to reopen and/or reconsider those revocations." *Id.* ¶¶ 2, 5–6.

Pending before the Court is Defendants' motion to transfer this action to the District of South Carolina ("Transferee District") and, in the alternative, to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. *See generally* Defs.' Mot. to Transfer & Alternatively to Dismiss & Mem. Supp. Thereof ("Transfer Mot."), ECF No. 7. Plaintiff opposes Defendants' motion, *see generally* Pl.'s Opp'n to Mot. to Transfer or Dismiss ("Pl.'s Opp'n"), ECF No. 9, and Defendants have filed a reply to Plaintiff's opposition, *see generally* Defs.' Reply Supp. Mot. to Transfer & Alternatively Dismiss ("Defs.' Reply"), ECF No. 11. Defendants further request, with Plaintiff's consent, an extension of time to reply to Plaintiff's complaint should the Court decide to transfer this case. Transfer Mot. at 13–14. The matter is now ripe for consideration.

### III.  ANALYSIS

Defendants ask the Court to transfer this case to the District of South Carolina or, alternatively, dismiss this case for lack of venue. Transfer Mot. at 2–3, 9–10. After considering the relevant filings, the Court will grant Defendants' motion to transfer. Because the Court will transfer this case to the Transferee District, it need not address Defendants' alternative motion to dismiss. *See* Transfer Mot. at 9 ("[W]ere the Court to transfer this action under Section 1404, the Court need not consider Defendants' motion to dismiss."); *see also Wei Lai Dev. LLC v. U.S. Citizenship & Immigr. Servs.*, No. 21-cv-887 (RDM), 2021 WL 2073403, at *3 n.5 (D.D.C. May 24, 2021) ("[T]he Court is not obligated to resolve motions to dismiss for improper venue before

3

evaluating whether transferring the action under § 1404(a) is warranted."); *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 n.2 (D.D.C. 2009) ("In light of the transfer, the court does not address the defendants' motion to dismiss."). In addition, the Court will grant Defendants' request for an extension of time to respond to Plaintiff's complaint, to which Plaintiff has consented. *See* Transfer Mot. at 13–14.

### A. Legal Standard

The federal change of venue statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Even if a plaintiff has brought a case in a proper venue, a district court may transfer it to another district. *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 274 (D.D.C. 2018) (citing 28 U.S.C. § 1404(a)). In making the decision to transfer, the court must make an "individualized, case-by-case consideration of convenience and fairness." *Abusadeh v. Chertoff*, No. 06-cv-2014, 2007 WL 2111036, at *3 (D.D.C. July 23, 2007) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The moving party has the burden to establish that transfer is proper. *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 102 (D.D.C. 2010); *see also Ctr. for Envtl. Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) ("The movant bears the burden of persuasion that transfer of an action is proper."). To establish that transfer of venue is proper, the moving party must make two showings: that the action could have been brought in the transferee district, and that the public and private interests favor transfer. *Ctr. for Envtl. Sci., Accuracy & Reliability*, 75 F. Supp. 3d at 356. Moreover, in deciding a motion to transfer, a court may consider materials outside the pleadings. *Chauhan*, 746 F. Supp. 2d at 102. "The decision whether a transfer or a dismissal is in the interest of justice, however, rests within the

4

sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

### B.  Whether this Action Could Have Been Brought in the District of South Carolina

Defendants must first demonstrate that "the proposed transferee district is one where the action 'might have been brought.'" *Ctr. for Env't Sci., Accuracy & Reliability*, 75 F. Supp. 3d at 356 (quoting 28 U.S.C. § 1404(a)).  The Court concludes that this action could have been brought in the District of South Carolina.

An action where "a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity . . . , or an agency of the United States, . . . may . . . be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).  Moreover, for venue purposes, a corporate plaintiff resides in the judicial district where it maintains its principal place of business.  28 U.S.C. § 1391(c)(2).  In this case, Plaintiff "is a for profit corporation residing in the State of South Carolina." Compl. ¶ 4.  Moreover, real property is neither involved nor at issue in this action.  Therefore, because Plaintiff resides in the Transferee District, this case "might have been brought" in that district for purposes of the federal change of venue statute.  28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1391(e)(1)(C).

### C.  The Balance of Private and Public Interests

Because the threshold question has been satisfied, Defendants must now "demonstrate that considerations of convenience and the interests of justice weigh in favor of a transfer." *Chauhan*, 746 F. Supp. 2d at 102.  The Court has broad discretion to "balance case-specific

factors related to the public interest of justice and the private interests of the parties and witnesses." *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008) (quoting *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008)).

### 1. Private Interest Factors

The private interest factors favor transfer of this action to the District of South Carolina. To determine whether transfer of venue is in the private interests of the parties and witnesses, the Court must weigh the following six factors: (1) the plaintiff's choice of forum, (2) the defendant's choice of forum, (3) where the claim arose, (4) the convenience of the parties, (5) the convenience of the witnesses, and (6) the ease of access to sources of proof. *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009). The Court will weigh each of these factors in turn.

Defendants argue that this action should be transferred to the Transferee District, Defendants' forum of choice, because "Plaintiff does not reside in the District of Columbia and does not claim that any relevant factual events occurred" here. Transfer Mot. at 5–6. In doing so, Defendants urge "that application-specific immigration cases are more conveniently handled where a plaintiff resides," and contend that "evidence underlying a non-citizen's claims in such circumstances is located in that district (i.e., with the plaintiff) and [that] the alleged injuries from the wrongful actions are felt in plaintiff's home district." Defs.' Reply at 1–2; Transfer Mot. at 4–6. Plaintiff responds that "the alleged interest injuries from the wrongful actions are not felt in South Carolina but in North Carolina where [Plaintiff] seeks to employ the beneficiaries." Pl.'s Opp'n at 12. Moreover, Plaintiff argues that both it and its counsel will be substantially inconvenienced by the transfer, both financially and with respect to the distance its counsel would have to travel should the case be transferred. *Id.* at 7–9.

*a. Plaintiff's and Defendants' Choice of Fora*

Because Defendants seek transfer of this action to Plaintiff's home district, the district in which Plaintiff resides, it cannot be said that Plaintiff could "reasonably claim to be inconvenienced by litigating in [its] home forum." *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018) (quoting *Tower Lab'ys, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 326 (D.D.C. 2018)).  Thus, Defendants' choice of forum weighs in favor of transfer.  In contrast, although Plaintiff's choice of forum is generally entitled to deference, "[t]he plaintiff's choice of forum is . . . 'conferred less deference by the court when [it] is not the plaintiff's home forum.'" *Abusadeh*, 2007 WL 2111036, at *4 (last alteration in original) (quoting *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D.D.C. 2002)).  Because the Transferee District is Plaintiff's home forum, as opposed to the District of Columbia, the Plaintiff's choice of forum factor only slightly weighs against transfer.

*b. Location of Activities that Gave Rise to the Action*

The third private interest factor, where the claim arose, weighs strongly in favor of transfer.  "When the material events that form the factual predicate of a plaintiff's claim did not occur in his chosen forum, transfer is favored." *Ngonga*, 318 F. Supp. 3d at 275 (citing *Tower Lab'ys, Ltd.*, 285 F. Supp. 3d at 326).  Plaintiff, a resident of South Carolina, has asserted that the Texas Service Center Director "is currently refusing to decide plaintiff's motion to reopen and/or reconsider," and has offered that "North Carolina [is] where the petitioner seeks to employ the beneficiaries."  Pl.'s Opp'n at 12, 15.  In other words, Plaintiff cites nothing to show that any material events occurred in the District of Columbia.  Thus, because no material events forming the factual predicate of Plaintiff's claim occurred in the District of Columbia, this factor strongly supports transfer.

*c. Convenience of the Parties*

Plaintiff argues that it will be substantially inconvenienced by a transfer, noting that a transfer would substantially increase its legal expenses and urging the Court to take into consideration the location of its counsel. Pl.'s Opp'n at 7–9. Plaintiff relies on several out-of-circuit cases for the proposition that courts should consider the location of counsel as a factor "in balancing the relative conveniences in transfer motions." *See id.* at 10–11. However, this Court has recently and frequently stated that location of counsel is not a consideration—or is, at most, a minor consideration—with respect to the convenience of the parties in this District. *See, e.g.*, *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 333 (D.D.C. 2020) ("The location of counsel is not a consideration under this factor."); *Chauhan*, 746 F. Supp. 2d at 104 ("Plaintiffs' argument that their counsel is located in Maryland does not outweigh these considerations."); *McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 40–41 (D.D.C. 2003) ("The location of counsel carries little, if any, weight in an analysis under § 1404(a)." (internal quotation omitted)). And in this case, location of counsel is even less significant in making venue appropriate here because Plaintiff's counsel is located in New York, not the District of Columbia.

Furthermore, "[v]enue is convenient where parties are located." *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333. Here, Plaintiff is located in the District of South Carolina. Compl. ¶ 4. Moreover, a plaintiff could not "reasonably claim to be inconvenienced by litigating in [its] home forum." *Aishat*, 288 F. Supp. 3d at 270 (quoting *Tower Lab'ys, Ltd.*, 285 F. Supp. 3d at 326). Because Plaintiff cannot reasonably claim that it will be inconvenienced by the transfer of this case to its home forum, it cannot object to venue in the Transferee District. *See id.* Thus, the convenience-of-the-parties factor is strongly in favor of transfer.

*d. Convenience of the Witnesses and Ease of Access to Evidence*

With respect to the convenience of the witnesses and ease of access to sources of proof, Plaintiff asserts that it will not call any witnesses in this case, and both parties seem to agree that this action will be resolved on the record itself. Defs.' Reply at 3; Pl.'s Opp'n at 8. Therefore, the final two private interest factors are neutral.

\*          \*          \*

Overall, the combined weight of the private interest factors strongly favors transfer. Although Plaintiff's choice of forum weighs against transfer, deference to that choice is weakened because the District of Columbia is not Plaintiff's home forum. Conversely, Defendants' choice of forum weighs in favor of transfer because the Transferee District is Plaintiff's home forum. Moreover, because material events forming the factual predicate of Plaintiff's claim happened outside of the District of Columbia, the third private interest factor regarding the location of activities giving rise to the action strongly favors transfer. Likewise, because Plaintiff is located in the Transferee District, the convenience-of-the-parties factor strongly supports transfer. The last two private interest factors, the convenience of the witnesses and the ease of access to sources of proof, neither weigh in favor nor against transfer. Therefore, on balance, the private interest factors strongly support transfer of this case to the District of South Carolina.

2. Public Interest Factors

The public interest factors likewise favor transfer of this action to the District of South Carolina. In determining whether transfer is in the public interest, the Court must consider the following factors: (1) the transferee court's familiarity with the applicable law; (2) the relative

congestion of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Al-Ahmed*, 564 F. Supp. 2d at 19.

On the first public interest factor, Defendants argue that "there is no reason to suspect that any federal district court is unfamiliar with federal immigration law." Transfer Mot. at 8. Because Plaintiff's action implicates federal law, the first public interest factor, the transferee court's familiarity with the applicable law, *Al-Ahmed*, 564 F. Supp. 2d at 19, is neutral due to the Court's "recongni[tion of] 'the principle that the transferee federal court is competent to decide federal issues correctly,'" *Mohammadi*, 609 F. Supp. 2d at 19 (quoting *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)). Accordingly, the Court concludes that the District of South Carolina is equally competent to adjudicate Plaintiff's claims. *See Johnson v. Lumenos, Inc.*, 471 F. Supp. 2d 74, 78 (D.D.C. 2007) (determining that "[t]he transferee district is, no doubt, familiar with federal law and competent to interpret it").

On the second public interest factor of the relative congestion of the calendars of the transferee and transferor courts, *Al-Ahmed*, 564 F. Supp. 2d at 19, Defendants note that "there can be no dispute that each District faces congested dockets," Transfer Mot. at 8, and Plaintiff says nothing to the contrary, *see generally* Pl.'s Opp'n. Given that the parties seem to agree that this factor is neutral and the Court sees nothing to the contrary, it concludes that this factor is indeed neutral. *See Wolfram Alpha LLC*, 490 F. Supp. 3d at 337 (assessing the congestion-of-calendars public interest factor and concluding that due to "competing and sometimes contradictory statistics, it would be difficult to conclude anything other than that this factor is neutral").

The third public interest factor, the local interest in deciding local controversies at home, *Al-Ahmed*, 564 F. Supp. 2d at 19, weighs in favor of transfer. This factor is "perhaps most

important amongst the public factors." *Wolfram Alpha LLC*, 490 F. Supp. 3d at 338. In this case, Plaintiff does not argue that the challenged decision was made in the District of Columbia; rather, Plaintiff maintains that "the function of the Texas Service Center Director, who is currently refusing to decide plaintiff's motion to reopen and/or reconsider, is vested in the Secretary of Homeland Security, thereby imposing upon him the duty to decide this motion." Pl.'s Opp'n at 14–15. Moreover, the impacts of this action will overwhelmingly be felt in the Transferee District, where Plaintiff resides, and in North Carolina, where Plaintiff seeks to employ its prospective employee beneficiaries. *See* Transfer Mot. at 8; Pl.'s Opp'n at 12. Therefore, the Transferee District, as opposed to the District of Columbia, has a clear interest in resolving this dispute. Hence, on balance, the combined weight of the public interest factors tips in favor of transfer.

## IV.  CONCLUSION

Because the balance of the private and public interests at stake supports the transfer, Defendants' motion to transfer the case to the District of South Carolina is **GRANTED** and their motion to dismiss is **DENIED** (ECF No. 7). Additionally, Defendants' request for extension of time is **GRANTED**. Defendants shall answer or otherwise respond to the Complaint within 21 days of the case being placed on the electronic docket in the United States District Court for the District of South Carolina. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 29, 2022                                         RUDOLPH CONTRERAS
                                                                                United States District Judge